UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **Sky Robotics, Inc.**, a Minnesota Corporation, <br><br> Plaintiff, <br> v. <br><br> **GP Companies, Inc.**, a Minnesota Corporation, and <br><br> **IPC Eagle, Inc.** a Minnesota Corporation, <br> **Defendant.** | Civil File no.: <br><br><br> **COMPLAINT** |

Plaintiffs for their causes of action against Defendants, state and allege the following:

## PARTIES

1. Plaintiff, Sky Robotics, Inc. is a Minnesota corporation with a place of business in the State of Minnesota.

2. Defendant, GP Companies, Inc. is a Minnesota corporation with a place of business in Minnesota.

3. Defendant, IPC Eagle, Corp. is a Minnesota corporation with a place of business in Minnesota.

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. §1338 because the conduct giving rise to this action is governed by federal patent law.  Jurisdiction is proper for all related state claims under 28 U.S.C. §1367.

## VENUE

5. Venue is proper under 28 U.S.C. §1400 because both defendants are residents of the District of Minnesota.

6. Venue in the Federal District Court, District of Minnesota is also proper under the terms of the Patent License Agreement, paragraph 17.1, which states disputes "shall be referred to and finally determined by three arbitrators appointed in accordance with the rule of arbitration of the American Arbitration Association in Minneapolis, Minnesota."

## FACTUAL BACKGROUND

7. On December 23, 2003, Plaintiff, Sky Robotics, Inc. ("Sky Robotics"), a Corporation organized and existing under the laws of the State of Minnesota, and GP Companies, Inc., a Corporation organized and existing under the laws of the State of Minnesota entered into a Patent License Agreement, (hereinafter the "Agreement") attached hereto as **"Exhibit A."**

8. The parties entered into this agreement through the personal signatures of Mr. Michael Lange, then Chief Executive Officer of Sky Robotics, Inc., and Mr. David Trumble, then Vice-Chairman of Sky Robotics, Inc., collectively on behalf of Sky

Robotics, Inc.; and Mr. Patrick Marsh, then President of GP Companies, Inc. on behalf of GP Companies, Inc.

9. The agreement, among other things, allowed GP Companies, Inc. to make, use, and sell certain patented inventions and technical information used to clean windows, walls and other parts of building exteriors.

10. The agreement covered then existing issued patents as enumerated in the Agreement, and any Letters Patents which may issue after the execution of the Agreement based on similar subject matter, technical information, new products, know how, trademarks, and trade secrets as disclosed in the Agreement.

11. Defendant IPC Eagle, Corp. was incorporated in the State of Minnesota on November 30, 2005.

12. Plaintiff Sky Robotics, Inc., and Defendant GP Companies, Inc. retained the services of Attorney Mark A. Litman of Mark A. Litman and Associates, P.A. (Mr. Litman and Litman and Associates, P.A. hereinafter collectively "Attorney Litman") to obtain further protection of the Parties respective intellectual property.

13. The Agreement provides in part:

> "LICENSEE agrees to and shall pay a royalty to LICENSOR (i) for each LICENSED PRODUCT leased, sold, and/or used by or for LICNESEE and (ii) for each COMPONENT PART leased and/or sold by or for LICENSEE in the following amounts:
>
> a. [subpart a. omitted]
>
> b. Beginning in the sixth year from the date of this Agreement until the end of the TERM, five (5%) percent of the actual CASH RECEIVED by LICENSEE from the lease or sale of the LICENSED PRODUCT or COMPONENT PART."

14. Plaintiff Sky Robotics, Inc., and Defendant GP Companies, Inc., through their respective employees, worked together for some time before collectively making their first sale of a product licensed under the Agreement on January 6, 2006.

15. The January 6, 2006 sale was to the Wynn Hotel in Las Vegas for one window washing unit in the amount of One Hundred and Fifty Thousand Dollars ($150,000.00).

16. Per the terms of the Agreement, Defendant GP Companies, Inc. tendered a royalty payment to Plaintiff Sky Robotics, Inc. in the amount of Ten Thousand Five Hundred Dollars ($10,500.00).

17. On information and belief, Defendant GP Companies, Inc. transferred all assets within the Eagle Power Products Group Division to Defendant IPC Eagle, Inc. sometime prior to October 20, 2006.

18. Attorney Litman proceeded to file and prosecute several applications on behalf of Defendant GP Companies, Inc. and Plaintiff Sky Robotics, Inc.  The actions of Attorney Litman on behalf of the Parties are currently the subject of litigation before the United States Federal Court, District of Minnesota.  *Lange, et al. v. Litman, et al. Civil Case No. 11-cv-02387*.

19. Subsequently, Sky Robotics, Inc. terminated its relationship with Attorney Litman, and removed Attorney Litman as Attorney of Record for all patent applications pending before the U.S. Patent and Trademark Office.

20. Mr. Lange proceeded to retain the services of Richard O. Bartz and the Law Offices of Bartz & Bartz, P.A. (hereinafter "Attorney Bartz") to prosecute and otherwise

protect the intellectual property rights on behalf of Plaintiff Sky Robotics, Inc. and Defendant GP Companies, Inc.

21. As a result of the Patent License Agreement, the collective work of Attorney Litman, and Attorney Bartz, Plaintiff Sky Robotics, Inc., and Defendant GP Companies, Inc. are the joint assignees of (i) U.S. Patent Application Serial No. 10/982,505, filed November 5, 2004, now U.S. Patent 7,665,173; (ii) U.S. Patent Application Serial No. 12/218,347, filed July 14, 2008, now U.S. Patent No. 7,972,446; and (iii) U.S. Patent Application Serial No. 12/660,246, filed February 22, 2010.

22. The information covered under the Agreement has been utilized by both Defendant GP Companies, Inc. and Defendant IPC Eagle, Inc. to make, use, and sell various products to the general public since 2006.

23. Attorney Litman was compensated by Defendant GP Companies, Inc. for his work on behalf of the Parties under the terms of the Agreement.

24. Bartz & Bartz, P.A. is currently owed compensation for services and disbursements rendered on behalf of the Parties in the amount of Thirty Two Thousand Eight Hundred and Six Dollars ($32,876.00), and interest thereon.

25. The Agreement contains covenants, including the following: (i) a royalty payment to Plaintiff Sky Robotics, Inc. for use of all property covered under the scope of the agreement (ii) a covenant to pay all costs associated with the procurement of intellectual property covered under the scope of the agreement, and (iii) quarterly, and annual royalty reports.

26. All terms to the agreement are binding upon the Plaintiff and both Defendants.

27. The Agreement provides in part:

> "For purposes of this Agreement, beginning in the fourth year of this Agreement and for each year thereafter, the minimum sales based upon CASH RECIEPTS of the LICENSED PRODUCTS shall be established within one hundred and twenty (120) days after the end of the third year of this Agreement at a level equal to fifty (50%) percent of the average of the first three years of CASH RECIEPTS. [footnote omitted]"

28. The Agreement provides in part:

> "LICENSEE will pay all costs incurred in filing any subsequent joint patent applications for NEW PRODUCTS as indicated by this Section, however, fifty (50%) percent of said costs incurred by LICENSEE relative to any joint patent application(s) for NEW PRODUCTS will be deducted from any future royalty payment obligations of LICENSEE to LICENSOR."

29. Despite repeated requests, Defendant GP Companies, Inc. nor Defendant IPC Eagle, Inc. have not provided annual royalty reports nor delivered any compensation to Plaintiff Sky Robotics, Inc.

30. The Agreement provides in part:

> "This Agreement shall be binding not only upon the parties hereto, but also upon without limitations thereto, their assignees, successors, heirs, devices, divisions, subsidiaries, officers, directors, and employees."

31. Defendant, IPC Eagle, Inc. is a party to the Agreement as an "assignee, successor, heir, device, division, [or] subsidiary" to the Eagle Power Products Division of Defendant GP Companies, Inc. within the meaning of these terms in the Agreement.

32. The transfer of information covered under the terms of the Agreement to Defendant IPC Eagle, Inc. constitutes an implied assumption, by Defendant IPC Eagle, Inc., of the debts incurred under the Agreement.

33. Defendant IPC Eagle, Inc. is merely a corporate reorganization of the Eagle Power Products Group Division of GP Companies, Inc. and is therefore liable for the Agreement.

34. The creation and transfer of property covered under the license agreement to Defendant IPC Eagle, Inc. was conducted to escape liability under the agreement and therefore Defendant IPC Eagle, Inc. is liable for the Agreement.

## COUNT ONE: COMPEL ARBITRATION

35. Plaintiff realleges and reasserts the preceding allegations of this Complaint.

36. The Agreement provides in part:

> "Any dispute, controversy or claim between the parties arising out of or in connection with this Agreement ... shall be referred to and finally determined by three arbitrators appointed in accordance with the rules of arbitration of the American Arbitration Association in Minneapolis, Minnesota."

37. Plaintiff is entitled to specific performance under the Agreement, and respectfully requests the Court to order the parties to conduct arbitration to resolve their respective disputes in connection with this Agreement.

## PLEADINGS IN THE ALTERNATIVE

38. Where the parties are not required to resolve this dispute through Arbitration as required under the Agreement, Plaintiff asserts the following causes of action.

## COUNT TWO: ENFORCEMENT OF CONTRACT

39. Plaintiff Sky Robotics, Inc. realleges and reasserts the preceding allegations of this Complaint.

40.     Plaintiff Sky Robotics, Inc. is owed royalty payments for all products sold and contained within the scope of the Agreement.

41.     On information and belief, Defendant IPC Eagle, Inc. has sold several products which require a payment of royalties to Plaintiff Sky Robotics, Inc.

42.     Defendant IPC Eagle, Inc. must both provide annual and quarterly reports consistent with the terms of the Agreement.

43.     Where the Agreement has not been breached, Plaintiff Sky Robotics, Inc. must be compensated by Defendant IPC Eagle, Inc. for the above-identified actions in an amount to be determined at trial.

## COUNT THREE: ENFORCEMENT OF CONTRACT

44.     Plaintiff realleges and reasserts the preceding allegations of this Complaint.

45.     The January 6, 2006 sale of one unit satisfies the calculation of the minimum royalty payments due under the terms of the Agreement.

46.     Plaintiff Sky Robotics, Inc. is due the entire amount of the minimum royalty payments due each year after 2006 per the terms of the Agreement.

47.     Where the Agreement has been not breached, Sky Robotics, Inc. is owed compensation equal to all of the minimum royalty payments due under the terms of the Agreement.

## COUNT FOUR: ENFORCEMENT OF CONTRACT

48.     Plaintiff realleges and reasserts the preceding allegations of this Complaint.

49.     Plaintiff has engaged the services of Bartz & Bartz, P.A. for the purpose of prosecuting and obtaining certain Intellectual Property rights on behalf of all Parties.

50. The Agreement provides that Defendant GP Companies, Inc. shall compensate Plaintiff Sky Robotics, Inc. for attorneys fees and costs incurred while obtaining patent rights on behalf of the parties.

51. Where the Agreement has not been breached, Sky Robotics, Inc. is owed costs equal to the attorney's fees, disbursements and interest incurred to prosecute the relevant joint patent applications before the United States Patent and Trademark Office.

## COUNT FIVE: UNJUST ENRICHMENT

52. Plaintiff realleges and reasserts the preceding allegations of this Complaint.

53. Mr. Michael R. Lange and Mr. Dallas W. Simonette, as named inventors of the patentable subject matter, were the joint owners of all right, title, and interest to certain Intellectual Property falling under the scope of the Agreement.

54. Upon request by Defendants, Mr. Dallas W. Simonette and Mr. Michael R. Lange jointly assigned all right title and interest in and to the intellectual property to the Plaintiff "and" Defendant per an assignment attached hereto as **"Exhibit B."**

55. The Agreement provides in part:

> "After the date of this Agreement, any patent application(s) for NEW PRODUCTS related to the cleaning of windows and walls by means of high-pressure dionized [sic] water, and/or a mechanical devise, or are associated, in any way, with the existing PATENTS and/or LICENSED PRODUCTS must be jointly applied for, developed, and owned by LICENSEE and LICENSOR."

56. Through the assignment, Mr. Michael R. Lange transferred an undivided interest in his personal property to Defendant GP Companies, Inc.

57. Plaintiff Sky Robotics, Inc. received no compensation in return for this assignment.

58. As a result of this assignment, and Agreement, Defendants have been unjustly enriched in an amount equal to the full reasonable value of Mr. Lange's interest in the property rights transferred under the terms of the Agreement.

## **RELIEF**

WHEREFORE, based upon the foregoing, Plaintiff Sky Robotics, Inc. seeks a judgment in his favor and against all Defendants on all claims in this matter, and respectfully requests the Court to issue the following relief against each Defendant:

1. That Defendant GP Companies, Inc. be ordered to arbitration according to the terms of the Agreement;

2. That Defendant IPC Eagle, Inc. be ordered to arbitration according to the terms of the Agreement;

3. That Defendant GP Companies, Inc. be ordered to pay Plaintiff Sky Robotics, Inc. reasonable damages, together with costs and prejudgment interest, in the amount equal to all compensation due Plaintiff Sky Robotics, Inc. under the terms of the Agreement;

4. That Defendant GP Companies, Inc. be ordered to pay Plaintiff Sky Robotics, Inc. reasonable damages, together with costs and prejudgment interest, in the amount equal to the reasonable value of all property rights transferred under the terms of the Agreement;

5.      That Defendant IPC Eagle, Inc. be ordered to pay Plaintiff Sky Robotics, Inc. reasonable damages, together with costs and prejudgment interest, in the amount equal to all compensation due Plaintiff Sky Robotics, Inc. under the terms of the agreement;

6.      That Defendant IPC Eagle, Inc. be ordered to pay Plaintiff Sky Robotics, Inc. reasonable damages, together with costs and prejudgment interest, in the amount equal to the reasonable value of all property rights transferred under the terms of the Agreement;

7.      Damages in an amount to be proved at trial;

8.      That Defendant GP Companies, Inc. be ordered to pay reasonable Attorney's Fees;

9.      That Defendant IPC Eagle, Inc. be ordered to pay reasonable Attorney's Fees; and

10.     That the Court order such other and further relief as the Court deems just and proper.

Dated this 8th day of December, 2011.

                BARTZ & BARTZ, P.A.

                s/Richard O. Bartz
                Richard O. Bartz (005147)
                R. John Bartz (166364)
                Douglas C. Mezera (391358)
                6950 France Ave. S., Ste. 119
                Edina, MN 55435
                T: (952) 920-3959
                **Attorneys for Plaintiffs**